**THE LAW OFFICES OF
BENJAMIN G. KELSEN, ESQ. LLC**
1415 Queen Anne Road, Suite 206
Teaneck, NJ 07666
Phone: 201-692-0073
Fax: 201-692-0151
Email: info@kelsenlaw.com

| | |
|---|---|
| **ZEEV RAFAILOV** and **LUDMILA AGIVAIVE**, Husband and Wife, and Individually<br><br>Plaintiff(s),<br><br>v.<br><br>**NAVIENT CORPORATION, INC.,** and **ABC COMPANY, INC., JOHN DOES (1-10),**<br>Defendant(s) | THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY<br><br>CIVIL ACTION:_____<br><br>**COMPLAINT<br>and<br>DEMAND FOR JURY TRIAL** |

Plaintiffs , **ZEEV RAFAILOV** and **LUDMILA AGIVAIVE** (hereinafter, "Plaintiffs"), New Jersey resident, brings this complaint by and through their attorneys, **THE LAW OFFICES OF BENJAMIN G. KELSEN, ESQ. LLC**, against **NAVIENT CORPORATION, INC.,** and **ABC COMPANY, INC., JOHN DOES (1-10),** (hereinafter "Navient" or "Defendant"), pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this action under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

2. The Court also has supplemental jurisdiction under 28 U.S.C. §1367.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a)(2), 1391(b)(2) because this is the judicial district in which a substantial part of the events or omissions giving rise to the claims in this case occurred.

## PARTIES

4. Plaintiffs reside in the Township of Lakewood County of Ocean and State of New Jersey.

5. Plaintiffs are the sole subscribers of the Verizon Wireless cellular phone account bearing the phone number of 843-957-0583, and have been the sole subscribers of that account at all times relevant hereto.

6. Plaintiffs are the sole parties financially responsible for the payment of the Verizon Wireless account bearing the phone number of 843-957-0583, and have been the sole parties financially responsible for that account at all times relevant hereto.

7. The above referenced number is part of a "family plan" and is associated with a cellular phone usually utilized by the Plaintiff **ZEEV RAFAILOV** .

8. Plaintiff **ZEEV RAFAILOV** is and has been the regular user of that phone number at all times relevant hereto.

9. Plaintiffs are the "called party" as that term is used by 47 U.S.C. §227 with respect to the calls placed on his cellular telephone number 843-957-0583.

10. Navient Solutions, Inc. is a Delaware Corporation with its principal place of business at Navient Corporation, 123 Justison Street, Suite 300, Wilmington, DE 19801

11. **ABC CORPORATION, INC.**, is a fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

12. **JOHN DOES 1-10**, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## NATURE OF THE ACTION

13. Plaintiff brings this action individually seeking redress for Defendant's actions which violate the Telephone Consumer Protection Act, 47 U.S.C. §227 (hereinafter "TCPA").

14. The regulations under the TCPA prohibit placing calls to a cellular telephone via an automated telephone dialing system (an "ATDS") without the called party's prior express consent.

15. The regulations under the TCPA further prohibit calling a cellular telephone with an ATDS

after prior express consent was revoked.

16. Section 47 U.S.C. §227(b) of the TCPA provides "[i]t shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States…to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice to... any telephone number assigned to a paging service, cellular telephone service . . . or any service for which the called party is charged for the call;"

17. Upon information and belief, the Defendant has recently called the Plaintiff's cell phone in violation of the TCPA over forty times (40) times.

18. Plaintiff had no wish to be contacted on his cell phone via the use of an autodialer or prerecorded voice, and expressly directed Defendant to stop calling his cell phone number on numerous occasions.

19. By placing auto-dialed calls and prerecorded messages to the Plaintiff's cell phone, the Defendant violated 47 USC §227(b)(A)(iii) which prohibits using any automated telephone dialing system or an artificial prerecorded voice to any telephone number assigned to a cellular telephone service when calling to the plaintiff's cell phone.

20. The Defendant therefore willfully violated the TCPA hundreds of times by placing auto-dialed calls and prerecorded messages to the Plaintiff's cell phone without prior, express consent and after the Plaintiff expressly instructed the Defendant to cease calling the Plaintiff.

21. Plaintiff has suffered actual damages because the Defendant's calls to his cell phone unnecessarily reduced the number of minutes he is allotted per month in his cell phone plan, which has limited minutes as a part of his cellular rate plan.

22. As a direct result of Defendant's placement of calls to Plaintiff, Plaintiff was further deprived of the use of Plaintiff's cellular phone during the times that the Defendant was calling the Plaintiff's phone.

23. Defendant's communication efforts attempted and/or directed towards the Plaintiff violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii).

24. As a result of Defendant's violations of the TCPA, Plaintiff has been damaged and is entitled to damages in accordance with the TCPA.

25. Plaintiffs are seeking damages, and declaratory and injunctive relief.

## ALLEGATIONS OF FACT

26. On or about January of 2016, the Plaintiff started receiving numerous phone calls from the Defendant on his cell phone.

27. On or around February 8, 2016, Plaintiff called the Defendant requesting that all communication to his cell phone cease, and revoking any consent he may have given for him to receive phone calls regarding this account.

28. Defendant continued contacting the Plaintiff via telephone numerous times in an attempt to collect the past due on these accounts

29. Defendant would call Plaintiff's cellular telephone, using an automatic telephone dialing system to initial the telephone call.

30. Defendant's use of an automated telephone dialing system was clearly indicated by the placement of over 40 calls to the Plaintiff in a one month period, the placement of several calls to the Plaintiff per day, and the telltale clicks and pauses before a human voice would come on the line when the Plaintiff would answer the phone.

31. These phone calls were made several times a day, on a daily basis, with such frequency as can reasonably be expected to harass.

32. Defendant had ignored Plaintiff's request and continued to call Plaintiff's cellular phone numerous times on a daily basis.

33. The telephone calls at issue were placed by Defendant using an automated telephone dialing system (hereafter "ATDS") in violation of the TCPA.

34. The ATDS used by Defendant has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, or the ability to dial those stored telephone numbers from its database without human intervention.

35. Defendant willfully and/or knowingly violated the TCPA with respect to Plaintiff.

36. Despite actual knowledge of its wrongdoing, Defendant continued its campaign of abuse.

37. As a direct and proximate result of Defendants acts or omissions, as set forth herein, Plaintiff has suffered compensatory, statutory, and actual damages.

## CAUSES OF ACTION
### COUNT I

## NEGLIGENT VIOLATIONS OF
## THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 *ET SEQ.*

38. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

40. As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq.*, Plaintiffs are entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

41. Plaintiffs are also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## COUNT II

## KNOWING AND/OR WILLFUL VIOLATIONS OF
## THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 *ET SEQ.*

42. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

44. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiffs are entitled to treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)( c).

45. Plaintiffs are also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully prays that judgment be entered against the Defendants as follows:

    a.    For mandatory statutory damages of $500 each provided and pursuant to 47 USC §227(c)(2)(G)(3)(B), for all calls placed to the Plaintiffs' cellular phone;

b.   Plaintiffs request enhanced trebled damages of $1,500 to be awarded to the Plaintiffs per call, in accordance with the TCPA, for the Defendant's willful violations of the TCPA;

c.   For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff(s) demand(s) a trial by jury on all questions of fact raised by the complaint.

Dated: March 10, 2016                          /s/ Benjamin G. Kelsen, Esq.
                                               **THE LAW OFFICES OF**
                                               **BENJAMIN G. KELSEN, ESQ. LLC**
                                               *Attorneys for Plaintiff*

### CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Benjamin G. Kelsen, Esq., the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: March 10, 2016                          /s/ Benjamin G. Kelsen, Esq.
                                               **THE LAW OFFICES OF**
                                               **BENJAMIN G. KELSEN, ESQ. LLC**
                                               *Attorneys for Plaintiff*

### DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that each defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If any defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also

take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendants.

Dated: March 10, 2016 /s/ Benjamin G. Kelsen, Esq.
**THE LAW OFFICES OF**
**BENJAMIN G. KELSEN, ESQ. LLC**
*Attorneys for Plaintiff*